RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE 7/14/11
BY ala

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DEXTER HOLDER (D.O.C. #452102) | DOCKET NO. 11-CV-698; SEC. P |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| JAMES M. LEBLANC, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Dexter Holder filed the instant civil rights complaint in forma pauperis and pursuant to 42 U.S.C. §1983. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections (DOC) and is currently incarcerated at the Avoyelles Correctional Center in Cottonport, Louisiana. He complains that the defendants are failing to protect him from harm by other inmates. He seeks monetary damages and injunctive relief. Plaintiff names as defendants DOC Secretary James M. LeBlanc, Warden Lynn Cooper, Deputy Warden Gremillion, Captain Gremillion, Colonel Gremillion, Colonel Cooper, and Major Patricia.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff alleges that on or about August 30, 2010, he was confronted by inmates Brandon King and Leroy Fields who claim to be friends with Wilson Honore, the victim of one of Plaintiff's crimes. King and Fields allegedly asked Plaintiff why he shot victim Wilson Honore. The next day, Plaintiff complained to Major

Patricia and Colonel Cooper about the incident with the inmates. Plaintiff also alleges that an inmate named Kimble Honore is at AVC, and Plaintiff concludes that Kimble Honore must be related to his victim, Wilson Honore.

Plaintiff next alleges that, on October 30, 2010, he was informed by another inmate that he should not go to sleep because "numerous offenders on the tier were conspiring to harm him." [Doc. #1, p.5] At approximately 2:00 a.m., Plaintiff told Sgt. Denton that he would like to speak with an officer in charge because he feared for his life. Plaintiff was allowed to speak with Lt. Derek Rabalais and Captain Gremillion. After explaining his fears to the officers, Plaintiff requested placement in protective custody. Ultimately, Plaintiff was ordered to return to his tier or be written up for aggravated disobedience and placed in solitary confinement. Plaintiff refused and was written up for refusing to obey a direct order. [Doc. #1, p.5] Plaintiff was placed in lockdown by Lt. Lee. On November 1, 2010, Plaintiff was sentenced to ten days disciplinary isolation and a status change from medium to maximum, which resulted in his placement in the working cell block. [Doc. #1, p.6]

On November 19, 2010, Plaintiff filed a grievance requesting protective custody. According to the first step response form, an investigation was conducted into Plaintiff's claim, including interviews with Inmates King, Fields, and Honore. The

investigation revealed nothing to indicate that Offender Kimble Honore is related to, or even knows, the victim of Plaintiff's crime, Wilson Honore. The testimony of the other inmates supported that finding. It was concluded that, when Plaintiff learned that an offender by the last name of Honore was housed at AVC, Plaintiff attempted to use that information as leverage in seeking a transfer. Plaintiff's request was denied at the first and second steps of the administrative review process. Plaintiff feels that he has no choice but to remain in solitary confinement in order to be safe.

## Law and Analysis

### 1. Condition of Confinement

Plaintiff complains of the conditions of his confinement after being convicted of a disciplinary violation, specifically, his placement in segregation and his change of custody and housing assignment. In general, inmates do not have a protected property or liberty interest in their custodial classifications. Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999); Moody v. Baker, 857 F.2d 256, 257-58 (5th Cir.), cert. denied, 488 U.S. 985 (1988). In Sandin v. Conner, 515 U.S. 472 (1995), the Court found that an inmate did not have a liberty interest protecting him from a thirty-day assignment to segregated confinement because it was not a dramatic departure from the basic conditions of the inmate's confinement. Sandin at 485. In light of Sandin, the Fifth Circuit

has held that, absent extraordinary circumstances, placement in administrative segregation housing will never be a ground for a constitutional claim. Martin v. Scott, 156 F.3d 578, 580 (5th Cir.1998). Plaintiff has not shown that his confinement in the special housing unit, or any other housing unit for that matter, was an atypical and significant hardship in relation to ordinary prison life. Thus, he had no protected liberty interest in his housing assignment.

When a prisoner is lawfully incarcerated, he loses by virtue of his confinement, many of the rights and privileges that most citizens enjoy. See Madison v. Parker, 104 F.3d 765, 767 (5th Cir. 1997). Thus, "... mere[ ] changes in the conditions of [ ] confinement ... do not implicate due process concerns." See Madison, 104 F.3d at 768; see also Harper v. Showers, 174 F.3d 716, 718 (5th Cir.1999) ("Inmates have no protectable property or liberty interest in custodial classifications."). Petitioner's claim regarding his disciplinary sanctions should be dismissed.

## 2. Failure to Protect

Plaintiff complains that on October 30, 2010, he was informed by another inmate that he should not go to sleep because "numerous offenders on the tier were conspiring to harm him." [Doc. #1, p.5] Plaintiff does not alleged that he was ever attacked by the three inmates named, or by any other inmate for that matter, at any point from October 2010 to date. A failure-to-protect claim that fails

4

to allege any resulting physical injury does not state an Eighth Amendment violation entitling a prisoner to compensatory damages. See Jones v. Greninger, 188 F.3d 322, 326 (5th Cir. 1999); 42 U.S.C. § 1997e(e)("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.") Because Plaintiff has not suffered any physical injury, he is not entitled to any compensatory damages. See Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005).

Likewise, Plaintiff is not entitled to obtain punitive damages or injunctive relief because he has not presented allegations indicating that he could successfully prove a constitutional violation based on the defendants' alleged failure to protect him. See Hutchins v. McDaniels, 512 F.3d 193, 198 (5th Cir. 2007); Geiger, 404 F.3d at 375. A prison official violates the Eighth Amendment when the inmate "is incarcerated under conditions posing a substantial risk of serious harm" and the prison official acted with deliberate indifference to the inmate's health or safety. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). Plaintiff makes a conclusory allegation based on his assumption that the Honore in AVC is related to or friends with the victim of his crime with the last name. The prison conducted an investigation and determined that the two individuals are not related and do not know each

other. Plaintiff has not alleged any intentional or reckless disregard for his safety by the defendants. See Adames v. Perez, 331 F.3d 508, 513 (5th Cir. 2003). To the contrary, he has presented allegations that the defendants took his concerns seriously and conducted an investigation and interviewed the inmates at issue. Moreover, Plaintiff has remained at the same facility to date, and makes no allegations that he was ever harmed.

To the extent that Plaintiff seeks a transfer to another prison as stated in his administrative grievance, he is not entitled to injunctive relief. A prisoner has no constitutional right to be housed in a particular facility. Olim v. Wakinekona, 461 U.S. 238, 244-46 (1983). The transfer or refusal to transfer a prisoner from one prison to another, does not impose atypical or significant hardships in relation to the ordinary incidents of prison life; thus, it is not actionable as a deprivation of constitutionally protected liberties. See Olim, 461 U.S. at 245-46; Sandin v. Conner, 515 U.S. 472, 484 (1995).

### Conclusion.

Accordingly, **IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DENIED AND DISMISSED WITH PREJUDICE** for failing to state a claim for which relief can be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Federal Rule of Civil Procedure 72(b), parties aggrieved by this**

recommendation have ten (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 14th day of July, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE